IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAY ALAN MEEKS,

      Petitioner,

v.                                     CASE NO. 1:20-cv-171-AW-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and paying the filing fee.   Petitioner is serving a 25-year sentence pursuant to several Alachua County convictions.  He is presently confined at Martin Correctional Institution, but the Petition challenges a prison disciplinary proceeding at Tomoka Correctional Institution.  ECF No. 1 at 9.  Petitioner alleges that he was punished with disciplinary confinement but no loss of gain-time.  ECF No. 1 at 6.

The Petition is before the Court for preliminary review pursuant to Rule 4, Rules Governing Habeas Corpus Petitions Under § 2254, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition[.]"   For the following reasons, the undersigned recommends that the Petition be dismissed for lack of jurisdiction.

## I. <u>Petitioner's Claims</u>

Petitioner alleges that he was convicted in a disciplinary proceeding for violating a confinement housing rule governing how the bunks are made up.  In his first ground for relief, Petitioner argues that the prison's rule conflicts with DOC regulations which prohibit prisons from "development and use of institutional/local procedure manuals."  He contends that this claim implicates a due-process liberty interest because "although gain-time was not taken as a result of this D.R., Petitioner was not able to earn gain-time while in confinement."  ECF No. 1 at 6.  As his second ground for relief, Petitioner contends that he was not provided with sufficient notice of the specific rule that he violated, and that his claim involves a liberty interest for the same reason as his first ground.  *Id.* at 9. Petitioner alleges that he unsuccessfully pursued state-court postconviction remedies.  *Id.* at 8.

## II. <u>Discussion</u>

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  "[T]he

common-law history of the writ, . . . the essence of habeas corpus is an

attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The only relief that can be

gained in a habeas action is an immediate or speedier release from

custody.

Petitioner is no longer subject to disciplinary confinement at Tomoka

CI, and therefore any claim attacking the fact or duration of such

confinement is moot.  Where a prisoner has completed an imposed term of

administrative or disciplinary confinement before he files his habeas petition,

the petition is considered "moot when filed and cannot be revived by

collateral consequences."  *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th

Cir. 2003) (internal quotation marks and citation omitted) (holding that

because inmate completed his term of disciplinary confinement before he

filed his habeas petition, the petition was moot when filed).

Further, it is undisputed that Petitioner did not lose gain-time credits

as a result of the challenged disciplinary decision and therefore the length of

his prison sentence was unaffected.  *See* ECF No. 1 at 6, 9.  Because

Petitioner's disciplinary proceeding did not implicate the fact or duration of

his confinement, there is no basis for federal habeas relief.  *See Preiser,*

411 U.S. at 484.  The loss of the ability to earn gain time during his

disciplinary confinement is also insufficient to state a claim for federal habeas relief.  The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a)  does not give rise to a liberty interest that triggers due process protections. *Hartley v. Warden*, 352 Fed. Appx. 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[1]

Finally, there is no basis for construing the Petition as a civil rights complaint through which Petitioner could challenge the conditions of his confinement in connection with the disciplinary case.  In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   There are no allegations suggesting that Petitioner's term of disciplinary confinement triggered constitutional due process protections. *See Sandin*, 515 U.S. at 486.

Accordingly, the Court concludes that the Petition should be

---

[1]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

dismissed for lack of jurisdiction because Petitioner's disciplinary conviction did not implicate the fact or duration of his confinement for federal habeas corpus purposes.

### III.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.  <u>Conclusion</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that the

petition for a writ of habeas corpus, ECF No.1, should be **DISMISSED** and

that a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 1st day of September 2020.


<u>s/Gary R. Jones</u>
GARY R. JONES
United States Magistrate Judge



## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**